UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Peter Allan, Sr.,

    Plaintiff,

                        **MEMORANDUM OPINION
                        AND ORDER**
    v.                        Civil No. 10-176 ADM/JJK

Cal Ludeman, Dennis Benson,
Michael Tesneer, Gregg Carlson,
Kevin Moser, Scott Sutton,
Dr. David Paulson, Sharon Barney,
Dan Hilleren, Joan Fabian,
Alan Eckert, James Olson,
Joel Korby, Mary Lind Schafer,
Marie Skalko, Sue Creager,
Kerri Anderson, Connie Sells,
Health Service Staff Members,
sued in their individual and
official capacities,

    Defendants.

___

Peter Allan, Sr. pro se.

P. Kenneth Kohnstamm, Esq., Assistant Attorney General, St. Paul, MN, on behalf of Defendants.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on objections filed by both Plaintiff Peter Allan, Sr. ("Plaintiff") and the above named Defendants to Magistrate Judge Jeffrey J. Keyes's January 18, 2011 Report and Recommendation [Docket No. 34] ("R&R"). The R&R recommends: (1) dismissing all claims made by Plaintiff against Defendants Department of Human Services, Cal Ludeman, Michael Tesneer, Gregg Carlson,

Kevin Moser, Dr. David Paulson, James Olson, Marie Skalko, Kerri Anderson, and Connie Sells; (2) dismissing Plaintiff's medical-malpractice claims; (3) permitting Plaintiff's claims against Defendants Dennis Benson, Scott Sutton, Sharon Barney, Dan Hilleren, Joan Fabian, Alan Eckert, Joel Korby, Mary Lind Schafer, and Sue Creager to survive Defendants' Motion to Dismiss [Docket No. 16].

Defendants object arguing that Plaintiff's Amended Complaint should be dismissed in its entirety. Plaintiff objects asserting that the claims against all Defendants should proceed.

On February 10, 2011, Plaintiff filed a Motion to Appoint Counsel [Docket No. 38].

For the reasons set forth below, Defendants' Objections are overruled, Plaintiff's Objections are overruled, and the R&R is adopted. Plaintiff's Motion to Appoint Counsel is denied.

## II. DISCUSSION[1]

### A. The Parties' Objections

#### 1. Standard of Review

A district court must make an independent, de novo review of those portions of an R&R to which a party objects and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).

Rule 12 of the Federal Rules of Civil Procedure provides that a party may move to

---

[1] The facts underlying Plaintiff's action are set forth in Judge Keyes's R&R and are incorporated by reference. Judge Keyes's 38-page R&R is thorough and well-reasoned. Because this Court adopts Judge Keyes's R&R and its analysis of the issues presented, only the portions objected to will be addressed in this Order.

dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994); Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993). Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the nonmoving party. Ossman, 825 F. Supp. at 880. Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings "shall contain a short and plain statement of the claim showing that the pleader is entitled to relief." A pleading must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

Federal courts are required to read a *pro se* plaintiff's pleadings liberally. Estelle v. Gamble, 429 U.S. 97, 106 (1976). However, a *pro se* complaint must still allege specific facts to support its conclusions. Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

### 2. Defendants' Objections

#### a. Strip Search Policy

Defendants object to Judge Keyes's recommendation that Plaintiff's strip search claim survives a motion to dismiss. Defs.' Objections at 1, 2-5. Defendants argue that Plaintiff's allegations are too conclusory and should be dismissed. Defs.' Objections at 2-3.

Plaintiff's articulation of the unconstitutionality of the strip search policy is recited verbatim below:

> Department of Human Services defendants have and continue to violate plaintiff's Fourth Amendment rights to be free from

> unreasonable search and seizure as follows: On June 21, 2008,[2] at the direction of Department of Corrections defendants Dan Hilleren and Joan Fabian, plaintiff was forced to do an unclothed intrusive visual body strip search before and after leaving the Annex at the Moose Lake Prison facility.  In order for plaintiff to go to his Native American ceremonies, which are held at MSOP's main building, plaintiff was forced to submit to a full unclothed visual body search violating plaintiff's Fourth Amendment rights.

Am. Compl. ¶ 1.[3]  Defendants argue Plaintiff's "allegations are totally silent as to the manner in which the strip search was conducted, where it was conducted, or the reasons for it."  Defs.' Objections at 2.  The Court disagrees.

Reading the Amended Complaint in the requisite light most favorable to Plaintiff, Judge Keyes found that "Plaintiff is attempting to sue Defendants Dan Hilleren and Joan Fabian for violating his federal constitutional rights under the Fourth Amendment, by directing their subordinates to 'strip search' Plaintiff on June 21, 2009."  R&R at 4.  In this early dismissal context, Plaintiff has sufficiently pled a claim for violation of the Fourth Amendment's prohibition against unreasonable searches.

Defendants next urge that Plaintiff has failed to state a claim upon which relief can be granted because this Court's decision in Semler v. Ludeman has already concluded that MSOP's strip search policy is constitutional.  Civil No. 09-0732, 2010 WL 145275, *20-21 (D. Minn. Jan. 8, 2010).  This Court did hold that the MSOP strip search policy at issue in Semler was reasonable.  Id. at *21.  Notably, however, the Plaintiffs in Semler challenged the policy "requiring submission to an unclothed visual body search following visits with family, friends

---

[2] Based on the other allegations in the Amended Complaint, it appears that Plaintiff is referring to June 21, 2009, not June 21, 2008.

[3] The numbered paragraphs begin on page 6 of Plaintiff's Amended Complaint.

and attorneys." Id. at *20.  The "policy of requiring Plaintiffs to submit to an unclothed visual body cavity search *after contact visits*" was reasonable given the opportunities contact visits provide for introducing contraband into the institution.  Id. at *21 (emphasis added).

Semler's holding is, therefore, not a blanket authorization of unclothed visual body searches, but rather, condones the policy after contact visits.  Plaintiff here makes no mention of a contact visit, but instead, alleges that he was forced to submit to the search as a condition of leaving and reentering the Annex.  While like Semler, MSOP's unclothed visual body search at issue in this case may ultimately be found constitutional when further facts are developed as to the circumstances of the search, Semler cannot be said to foreclose Plaintiff's claim at this stage of the litigation.  As Judge Keyes noted, Semler was decided on summary judgment, with the benefit of evidence setting forth the policy's rationale and implementation, factors relevant in assessing whether the policy is reasonable and ultimately constitutional.  No such evidence yet exists in this case, and as such, granting Defendants' motion to dismiss is premature. Accordingly, Plaintiff's challenge to MSOP's strip search policy may proceed.[4]

### b. Black Box Policy

Defendants next object to Judge Keyes's determination that MSOP's use of the black box restraint system survives a motion to dismiss.  Defs.' Objections 1, 5-8.  Defendants argue that Plaintiff's claim that some of the named Defendants shackled and black-boxed him fails on the

---

[4] In response to Plaintiff's Motion to Appoint Counsel, Defendants cite to Magistrate Judge Janie S. Mayeron's February 15, 2011 Report and Recommendation [Docket No. 226] in Beaulieu v. Ludeman, Civ. No. 07-1535, addressing the constitutionality of MSOP's strip search policy and use of restraints.  In Beaulieu, the plaintiffs survived a motion to dismiss on the same rationale as here: there was insufficient information to evaluate the reasonableness of the policies at issue.  Only after the factual record had been developed did Judge Mayeron recommend granting summary judgment for the defendants.

same rationale that his strip search claim fails: the allegations lack specificity.

Giving Plaintiff the benefit of a liberal construction, Judge Keyes concluded that "Plaintiff is attempting to sue Defendants Cal Ludeman, Dennis Benson, Gregg Carlson, and Kevin Moser, for violating his constitutional rights under the Fourth and Fourteenth Amendments, because Plaintiff has been physically restrained while in MSOP custody." R&R at 4.  Judge Keyes dismissed the allegations as to Defendants Ludeman, Carlson, and Moser, but found "that Plaintiff has adequately alleged that Benson violated Plaintiff's constitutional rights by causing him to be shackled and black boxed." R&R at 13.

Plaintiff's references to the use of the black box are as follows:

> On the morning of June 21st, 2009, while in custody of the State of Minnesota, DOC, plaintiff was chained, shackled and black boxed by DHS staff and then loaded into a transport van.  Plaintiff . . . [was] in route in the state authorized transportation vehicle driven by MSOP staff member and defendant Alan Eckert when the vehicle hit a pole.  Defendant Eckert, the driver, wasn't watching where he was going and plaintiff's head snapped violently backwards, injuring him and he has had severe headaches since the date of the incident.  Plaintiff . . . didn't have a head rest and staff had no access to either passenger.  Plaintiff . . . [was] so bound, chained and shackled that [he] was unable to protect [himself]. . . .

Am. Compl. ¶ 3.

> Defendants Cal Ludeman, Dennis Benson, Gregg Carlson and Kevin Moser have and continue to violate plaintiff's rights to be free from Illegal Search and Seizure, Equal Protection, and Due Process under the United States Constitution Amendments 4, 5, 14.  A violation of plaintiff's Fourth Amendment rights under the United States Constitution by forcing plaintiff to strip, be searched, be shackled, chained, cuffed and black boxed.

Id. ¶ 4.

> DHS policy imposed by defendant and CEO Dennis Benson, patients are subject to (including non-violent and cooperative patients) the indignity of arm and ankle shackles whenever escorted off the grounds and treatment center. Defendants force plaintiff and other "patients" to wear black boxes anytime they are transported by "MSOP" staff from facility to facility, as well as any outside appointments such as doctors' visits and visits to the hospital. The facilities' practice of the use of the black box on all plaintiffs violates [their] substantive due process rights under the United States Constitution Amendment XIV.

Id. ¶ 66.

> . . . There is no indication of any attempt to balance the incremental safety increase brought about by the black box policy against the discomfort it imposes on detainees (plaintiff).

Id. ¶ 67.

> . . . The Fourth Amendment of the United States Constitution prohibits unreasonable searches and seizures, physical restraints/isolation. As a result of these arbitrary measures, plaintiff is being denied his fundamental rights.

Id. ¶ 68.

Based on the information set forth in the Amended Complaint, the Court finds that the allegations meet the minimum threshold required to proceed against Benson as the "imposer" of the policy.

Defendants next repeat their assertion that Semler establishes the constitutionality of MSOP's black box policy. Defs.' Objections at 6-7. Here again, Defendants overstate Semler's holding. In Semler, decided with the benefit of documents provided by MSOP officials explaining the policy and its rationale, and "apparently imposed as part of a *temporary* response to an escape incident," there was adequate information to decide the constitutionality of the

policy. Semler, 2010 WL 145275 at *27 (emphasis added). No such background information exists in this case, and as such, the reasonableness or unreasonableness of the policy cannot be assessed.

### c. Deliberate Indifference to Serious Medical Need

Defendants' final objection is that all of Plaintiff's allegations of deliberate indifference to his serious medical needs should be dismissed. Defs.' Objections at 1, 8-13. Judge Keyes carefully scrutinized each of Plaintiff's claims and concluded that certain of them met the minimum threshold to withstand Defendants' motion. Upon de novo review, the Court agrees with Judge Keyes's conclusion that, when Plaintiff's Amended Complaint is afforded a liberal construction at this stage of the proceedings, dismissal of this claim under Fed. R. Civ. P. 12(b)(6) is not warranted as to Defendants Scott Sutton, Sharon Barney, Joel Korby, Mary Lind Schafer, and Sue Creager.

### 3. Plaintiff's Objections

The thrust of Plaintiff's Objections are that named Defendants Cal Ludeman, Gregg Carlson, Kevin Moser, Dr. David Paulson, James Olson, Marie Skalko, Kerri Anderson, and Connie Sells are liable under the doctrine of "supervisory liability" for tacit authorization of other Defendants' allegedly constitutionally defective medical care. Pl.'s Objections at 3. However, as Plaintiff recognizes, in section 1983 actions, supervisory liability is limited. Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995). The supervisor Defendants can only be liable for the allegedly unconstitutional acts if they "directly participated in the constitutional violation, or if [their] failure to train or supervise the offending actor caused the deprivation . . . ." Otey v. Marshall, 121 F.3d 1150, 1155 (8th Cir. 1997) (quoting Tilson v. Forrest City Police Dep't, 28

F.3d 802, 806 (8th Cir. 1994)).  An official's failure to respond to a "single incident, or series of isolated incidents, usually provides an insufficient basis upon which to assign supervisor liability."  Lenz v. Wade, 490 F.3d 991, 995-96 (8th Cir. 2007) (concluding that a prison warden was not liable for the excessive force used by two of his prison guards despite having previously received four unsubstantiated excessive force claims against them).

Judge Keyes determined that Plaintiff failed to plead any actionable claim against this set of Defendants; thus, Plaintiff's allegation that the named Defendants directly participated in a violation of Plaintiff's rights cannot stand.  A claim for failure to supervise requires proof that the named Defendants:

> (1) Received notice of a pattern of unconstitutional acts committed by subordinates;
>
> (2) Demonstrated deliberate indifference to or tacit authorization of the offensive acts;
>
> (3) Failed to take sufficient remedial action; and
>
> (4) That such failure proximately caused injury to [Plaintiff].

Otey, 121 F. 3d at 1155 (quoting Jane Doe A. v. Special Sch. Dist. of St. Louis County, 901 F.2d 642, 645 (8th Cir. 1990)).

There are no claims in Plaintiff's Amended Complaint of any allegations of actual constitutional violations by this set of Defendants.  Without a showing that this set of Defendants received notice of consistent incidents of misbehavior by subordinates, Plaintiff cannot establish either a pattern of unconstitutional acts or notice to these Defendants which is required to maintain a failure to supervise claim under section 1983.

**B. Plaintiff's Motion to Appoint Counsel**

Plaintiff requests that the Court appoint counsel to represent him in this matter. *Pro se* litigants do not have a constitutional or statutory right to counsel in civil cases. Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). Rather, the appointment of counsel in cases such as this is a matter committed to the discretion of the trial court. McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997). Among the factors the court should consider in determining whether to appoint counsel are the factual complexity of the case, the ability of the litigant to present his claims, the complexity of the legal issues and whether both the litigant and the court would benefit from having the litigant represented by counsel. Id.

Judge Keyes initially denied Plaintiff IFP status, but permitted him the opportunity to cure his defective Complaint. Plaintiff submitted an Amended Complaint, and the Court has now determined that a portion of his claims may proceed to discovery. Thus, Plaintiff appears to possess the ability to articulate his claims and argue his positions. In addition, neither the facts nor the legal issues involved in this case are particularly complex as to justify appointment of counsel, and the Court does not believe a substantial benefit will result by appointing counsel for Plaintiff. Therefore, Plaintiff's request for counsel is denied.

### III. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Objections [Docket No. 37] are **OVERRULED;**

2. Plaintiff's Objections [Docket No. 36] are **OVERRULED**;

3. Judge Keyes's R&R [Docket No. 34] is **ADOPTED**;

4. Plaintiff's Motion to Appoint Counsel [Docket No. 38] is **DENIED**;

5. Defendants' Motion to Dismiss [Docket No. 16] is **GRANTED IN PART** and **DENIED IN PART**;

6. The claims are dismissed, in their entirety, as to Defendants Department of Human Services, Cal Ludeman, Michael Tesneer, Gregg Carlson, Kevin Moser, Dr. David Paulson, James Olson, Marie Skalko, Kerri Anderson, and Connie Sells;

7. All of Plaintiff's medical malpractice claims are dismissed;

8. Plaintiff's remaining claims, namely his constitutional claims relating to MSOP's strip search policy against Defendants Joan Fabian and Dan Hilleren, and MSOP's black box policy against Defendant Dennis Benson, and the Eighth Amendment claims of deliberate indifference to medical needs as to Defendants Scott Sutton, Sharon Barney, Joel Korby, Mary Lind Schafer, and Sue Creager, are not dismissed at this time.[5]

---

[5] On February 24, 2011, while the parties' objections were under submission, Plaintiff filed a "Supplemental Motion to Amended Complaint for Civil Rights Violations Under 42 U.S.C. 1983" [Docket No. 39]. The document indicates that Plaintiff wants to again amend his Amended Complaint. First, Plaintiff seeks to hold Defendants Cal Ludeman, Dennis Benson, Gregg Carlson, and Kevin Moser responsible for the alleged constitutional violations set forth in the Amended Complaint. As Judge Keyes already determined, and this Court upholds, Defendants Cal Ludeman, Gregg Carlson, and Kevin Moser are dismissed from this action. The claim against Defendant Dennis Benson has been permitted to proceed. The additional allegations against Defendants Dr. David Paulson, Sharon Barney, Marie Skalko, and Kerri Anderson are mere recitations of the allegations made in the Amended Complaint, which are being dismissed. Plaintiff alleges the additional named Defendants, Marylyn Humid, Marie Skulk, Sharon Pursue, Amanda Hilde, and Doreen Peterson, have violated his constitutional rights, but provides no additional explanation regarding what these Defendants allegedly did or failed to do that resulted in such a violation. The remaining allegations fail to state an actionable section 1983 claim because they do not describe any specific wrongful conduct by a particular defendant.

9. Plaintiff's Supplemental Motion to amend his Amended Complaint [Docket No. 39] is denied.

BY THE COURT:


     s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: March 17, 2011.