# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Peter Allan, Sr.,                                       Civ. No. 10-176 (ADM/JJK)

           Plaintiff,

v.

Dennis Benson, Scott Sutton, Sharon                    **REPORT AND**
Barney, Dan Hilleren, Joan Fabian,                     **RECOMMENDATION**
Alan Eckert, Joel Korby, Mary Lind
Schafer, and Sue Creager,

           Defendants.

Daniel E. Gustafson, Esq., and David A. Goodwin, Esq., Gustafson Gluek, PLLC, 608 2nd Avenue South, Suite 650, Minneapolis, Minnesota, 55402, counsel for Plaintiff.

Steven H. Alpert, Esq., Assistant Minnesota Attorney General, counsel for Defendants.

_____

## INTRODUCTION

This matter is before this Court on Plaintiff's *pro se* Motion for Stay Pending the Disposition of a Motion 62(b)(4) Relief from Judgment Rule 60(a)(b)(1)(2)(3). (Doc. No. 66.) Plaintiff seeks an order enforcing his settlement agreement with Defendants and directing the Minnesota Sex Offender Program, in whose custody he is civilly committed for an indeterminate period, to immediately transfer him to a federal correctional facility so that he can serve a two-year criminal sentence and receive medical treatment he claims is being withheld. Because Plaintiff's request involves a change in his confinement, this

Court will issue a Report and Recommendation.  *See* 28 U.S.C. § 646(b)(1)(B)

(providing that a magistrate judge's decision on a "prisoner's petition challenging

conditions of confinement" are submitted to the district judge on report and

recommendation).  Based on all the files, records, and proceedings herein, and

for the reasons stated below, this Court recommends that Plaintiff's motion be

denied.

## BACKGROUND

Plaintiff has been found to be a "sexually dangerous person" and a "sexual

psychopathic person" under Minnesota law.  *In re Civil Commitment of Allan*,

No. A09-1607, 2010 WL 608028, at *1 (Minn. Ct. App. Feb. 23, 2010).  As a

result, Plaintiff has been civilly committed to the Minnesota Sex Offender

Program, ("MSOP"), located in Moose Lake, Minnesota.  He is detained there for

an indefinite term.  *Id.*

In addition, Plaintiff has been convicted on a charge of possession of an

illegal substance with intent to distribute.  Because he violated the terms of his

supervised release with respect to that conviction, he is also subject to a two-

year federal term of imprisonment for the revocation of his supervised release.

That two-year federal sentence is set to begin when he is released from the State

of Minnesota's custody on his indeterminate civil commitment.   *See United*

*States v. Allan*, Crim. No. 99-50, Doc. No. 107 (MJD/JGL) (D. Minn. Jan. 9, 2012)

(order denying Peter Allan's request to be transferred to federal custody); *see*

*also id.* at Doc. No. 106.

2

On January 21, 2010, Plaintiff commenced this civil action alleging that

Defendants (and others who were later dismissed from this case) violated his

constitutional rights.  (Doc. No. 1.)  Among other things, Plaintiff alleged that

Defendants were responsible for injuries he sustained in an automobile accident

that occurred while he was being transported to attend a religious ceremony.

(*See* Doc. No. 34, Jan. 18, 2011 R&R at 2–4.)  After discussions between the

parties, they reached an agreement to settle this dispute.  (*See* Doc. No. 62.)

The parties stipulated to dismissal and submitted a proposed order to the District

Court dismissing this case with prejudice, which the District Court entered on

October 19, 2011.[1]  (Doc. No. 63.)

Shortly after completion of the settlement and entry of the dismissal Order

in this case, Plaintiff filed an unopposed motion in the closed criminal case

relating to his possession of an illegal substance, and requested that he be

immediately transferred to federal custody.  *See United States v. Allan*, Crim.

No. 99-50, Doc. No. 104 (MJD/JGL) (D. Minn. Oct. 20, 2011).  On January

9, 2012, the Honorable Michael J. Davis, Chief Judge of the United States

District Court for the District of Minnesota, denied Plaintiff's motion in the criminal

---

[1]      United States District Judge Ann D. Montgomery's Order directed that
Judgment be entered (*see* Doc. No. 63), but no Judgment was immediately
entered.  It appears that this may have been caused by Defendant Alan Eckert's
last name being misspelled as "Eckley" in both the Stipulation for Dismissal with
Prejudice and in Judge Montgomery's subsequent Order.  (*See* Doc. Nos. 62 &
63.)  Nevertheless, on March 27, 2012, the Clerk of Court entered Judgment.
(Doc. No. 77.)

case, explaining that Plaintiff's federal term of imprisonment "cannot begin until his release from state civil commitment."  *See United States v. Allan*, Crim. No. 99-50, Doc. No. 107 (MJD/JGL) (D. Minn. Jan. 9, 2012).

Prompted by Judge Davis's Order, on February 1, 2012, Plaintiff filed a letter in this case addressed to Deputy Health and Human Services Commissioner, Anne Barry.  (Doc. No. 65.)  Plaintiff's letter informed Ms. Barry that he believed he should be transferred into federal custody according to the terms of the settlement.  (*Id.*)  Plaintiff asserted that "the Federal Criminal Judge" ruled that Plaintiff would need to be released from his civil commitment as part of the MSOP before serving his federal sentence in federal custody.  (*Id.*)  Plaintiff also explained his belief that this result "was not contemplated at the signing of the settlement agreement" that resolved his civil suit.  (*Id.*)

Although he is represented by counsel, on February 29, 2012, Plaintiff filed his *pro se* Motion for Stay Pending the Disposition of a Motion 62(b)(4) Relief from Judgment Rule 60(a)(b)(1)(2)(3), which is now before the Court.  (Doc. No. 66.)  In this motion and in Plaintiff's supporting papers he asks this Court to Order his immediate transfer to the custody of the federal government or to remake the settlement agreement to specifically provide for such relief.  On March 8, 2012, this Court explained that it interprets Plaintiff's motion as a request to enforce the settlement agreement, and this Court set a briefing schedule.  (Doc. No. 72.)  Defendants responded to Plaintiff's motion (Doc. No. 73), and Plaintiff replied with "Briefing Pursuant to Motion for Relief from

4

Judgment Rule 60(a)(b)(1)(2)(3)" (Doc. No. 75), an Affidavit of Peter Allan, Sr. (Doc. No. 76), and a "Proposal to Amend Settlement Agreement Continued" (Doc. No. 78).

## DISCUSSION

Plaintiff's motion generally asserts that the intent of the parties' agreement to settle this matter was that he would be transferred to federal custody. Because Defendants have failed to do so he requests that this Court order that transfer to take place.  Plaintiff also contends that the failure to transfer him to federal custody has been caused by mistake, "newly discovered evidence," and Defendants' fraud.  For the reasons explained below, this Court is not the proper forum for Plaintiff to seek enforcement or modification of the settlement agreement, nor does he present any basis for relief from the Judgment entered in this case under Federal Rule of Civil Procedure 60(b).  Therefore, this Court recommends that his motion be denied in its entirety.

### A.    Enforcement of Settlement Agreement

At their core, Plaintiff's motion and his other submissions amount to a request to enforce the settlement agreement reached in this matter.  In his papers, Plaintiff discusses his interpretation of the agreement's terms and the actions that contract obligates Defendants and the MSOP to take.  In particular, Plaintiff repeatedly contends that the agreement requires Defendants and the

MSOP to transfer him to federal custody immediately.[2]  Thus, it is reasonable to

construe Plaintiff's motion as a request for this Court to determine the meaning

and application of—i.e., to enforce—the settlement agreement's terms.

      Plaintiff cannot, however, enforce the settlement agreement in this forum.

"[F]ederal courts do not retain authority to enforce settlement agreements unless

the dismissal order states that the district court is retaining jurisdiction over the

agreement or the court incorporates the terms of the agreement into an order."

*Jenkins v. Kansas City Mo. Sch. Dist.*, 516 F.3d 1074, 1081 (8th Cir. 2008);

*Miener v. Mo. Dep't of Mental Health*, 62 F.3d 1126, 1127 (8th Cir. 1995) (same);

*Cardiovascular Sys., Inc. v. Shturman*, Civ. No. 07-3749 (JNE/SRN), 2009 WL

3164784, at *3 (D. Minn. Sep. 28, 2009) (denying motion to reopen a case

dismissed based on the parties' settlement because the district court lacked

jurisdiction to enforce the settlement agreement where dismissal order did not

specifically retain jurisdiction or incorporate the settlement's terms).  Here, the

---

[2]     (*See, e.g.*, Doc. No. 66, Pl.'s Mot. ¶ 6 ("Plaintiff contends that in order for
Plaintiff to obtain the relief intended in the Settlement agreement, the State must
release Plaintiff from civil commitment although he could still remain subject to
civil commitment pursuant to the settlement agreement upon return to
Minnesota."); Doc. No. 69, Pl.'s Jan. 31, 2012 Letter to Judges Ann Montgomery
and Jeffrey Keyes at 2 ("[Plaintiff's various physical problems] were all part of my
Complaint against MSOP but the consensus was to be transferred to get the care
I need."); Doc. No. 76, Pl.'s Br. Pursuant to Mot. for Relief from J. Rule 60 ("Pl.'s
Br.") ¶ 5 ("Plaintiff respectfully asks this Honorable Court to enforce the intent of
the said settlement agreement by instructing the parties to amend the agreement
to satisfy the Criminal Courts jurisdiction or Plaintiff will continue to be harmed.");
Pl.'s Br. ¶ 9–10 (complaining regarding Defendants' compliance with terms of
settlement agreement).)

Order of dismissal does not incorporate the terms of the settlement agreement, nor does it discuss retaining jurisdiction for its enforcement. *See Hayden & Assocs., Inc. v. ATY Bldg. Sys., Inc.*, 289 F.3d 530, 532 (8th Cir. 2002) ("[M]ere mention of a settlement does not incorporate a settlement agreement into a court order."); *Sheng v. Starkey Labs., Inc.*, 53 F.3d 192, 195 (8th Cir. 1995) (concluding that a dismissal order stating that the court was "reserving jurisdiction" to permit any party to reopen the action due to a breach of a settlement agreement was insufficient to make the agreement part of the dismissal order and retain jurisdiction over the settlement agreement). Accordingly, this Court cannot enforce the parties' settlement agreement and Plaintiff's only recourse to enforce that agreement due to any breach that Plaintiff perceives would be through the filing of a new action premised on a theory of breach of contract. *See Haren ex rel. LeGear v. Reagan*, 208 F.3d 697, 699 (8th Cir. 2000) (agreeing with the reasoning of the Second Circuit Court of Appeals in *Benjamin v. Jacobson*, 172 F.3d 144, 157 (2d Cir. 1999), that private settlements are enforceable only through a new action for breach of contract); *Sheng*, 53 F.3d at 195 ("Unless there is some independent basis for federal jurisdiction, Sheng must bring her enforcement action in the state courts").[3]

_____

[3]       Although the interpretation of the settlement agreement is not properly before this Court at this time, this Court expresses grave doubts whether Plaintiff could ever prevail on his assertion that Defendants have breached the settlement agreement by failing to transfer him to federal custody.  The plain language of the settlement agreement does not appear to require his immediate transfer, but

(Footnote Continued on Following Page)

## B.   Relief from Judgment under Rule 60

Although this Court construes Plaintiff's motion as a request to enforce the settlement, Plaintiff also cites several provisions in Federal Rule of Civil Procedure 60(b) and argues that he should be relieved from the Judgment entered in this matter.  Given Plaintiff's *pro se* filing and his clear reliance on Rule 60(b), this Court will also consider whether Plaintiff has made the required showing to obtain any relief available under that rule.

Rule 60(b) allows for relief "from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); [or] (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]"  Fed. R. Civ. P. 60(b)(1)–(3).  This Rule "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances."  *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008) (internal quotation marks and citation omitted).  Plaintiff has failed to make an adequate showing that such exceptional circumstances are present here, and, consequently is entitled to no relief under Rule 60(b).

---

(Footnote Continued from Previous Page)
rather, as Judge Davis observed, it expressly states that Plaintiff "remains subject to . . . indeterminate commitment."  *United States v. Allan*, Crim. No. 99-50, Doc. No. 107 (MJD/JGL) (D. Minn. Jan. 9, 2012) (order denying Plaintiff's motion for transfer of custody).

### 1.    Mistake

In his motion, Plaintiff references the phrase "mistake, inadvertence, surprise, or excusable neglect," thus, couching his motion in the language of Rule 60(b)(1).  (*See*, *e.g.*, Doc. No. 66, Pl.'s Mot. ¶ 1, 6.)  Plaintiff appears to contend that his decision to enter the settlement agreement was based on a mistaken belief that he would be immediately transferred to federal custody. (*See id.*)  But Plaintiff has failed to show any legitimate basis for such relief under Rule 60(b)(1).  For example, Plaintiff does not allege that his attorney lacked authority to agree to settle his claims in this litigation.  *See Surety Ins. Co. of Cal. v. Williams*, 729 F.2d 581, 582–83 (8th Cir. 1984) (concluding that parties' claim that their attorney lacked authority to agree to a settlement states a ground for relief under Rule 60(b) and concluding that it was error to summarily deny the parties' Rule 60(b) motion without an evidentiary hearing).

Plaintiff is also not entitled to relief from the Judgment based on any ignorance or carelessness he may perceive on the part of his counsel.  The Eighth Circuit Court of Appeals has "generally held that neither ignorance nor carelessness on the part of an attorney will provide grounds for 60(b) relief." *Heim v. C.I.R.*, 872 F.2d 245, 247 (8th Cir. 1989) (internal quotation marks omitted).  This Court is aware of nothing in the record nor in this Court's own, limited interactions with Plaintiff's counsel in this matter, to suggest that Plaintiff received anything other than the most zealous and highly competent representation of his attorneys.  Plaintiff has set forth no coherent case that the

9

Judgment entered in this case resulted from mistake, inadvertence, or excusable neglect.  Plaintiff is not entitled to relief on the basis of Rule 60(b)(1).

## 2.    Newly Discovered Evidence

Plaintiff next argues that "newly discovered evidence was discovered since [the District Court's October 18, 2011 Order of dismissal in this matter]" and identifies this "evidence" as Judge Davis's January 9, 2012 Order—in Plaintiff's federal criminal case—denying Plaintiff's motion for the same relief he seeks here.  (Doc. No. 66, Pl.'s Mot. ¶¶ 2, 7.)  Judge Davis's Order denied Plaintiff's request for relief because the federal government cannot take Plaintiff into custody until MSOP releases him, and it has not yet done so.  Plaintiff contends that Judge Davis's Order post-dates the Order of dismissal in this case so that, even with the exercise of due diligence, he could not have discovered this "new evidence" prior to the dismissal Order.  (Doc. No. 76, Pl.'s Br. ¶ 8.)

It is not at all clear that a federal court order could even be considered "newly discovered evidence" within the meaning of Rule 60(b)(2).  A movant may prevail on a Rule 60(b)(2) motion by showing: (1) the evidence was discovered after trial; (2) due diligence was exercised to discover the evidence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence is such that a new trial would probably produce a different result. *Baxter Int'l Inc. v. Morris*, 11 F.3d 90, 92 (8th Cir. 1993).  Judge Davis's January 9, 2012 Order could not be material to the merits of Plaintiff's underlying § 1983 action and it would have no bearing on whether Plaintiff would be entitled

10

to a new trial had a trial ever taken place.  It has nothing to do with the underlying litigation in this matter.  Further, "newly discovered evidence" under Rule 60(b)(3) must be evidence that was in existence *at the time of trial*, and Judge Davis's decision did not exist until after the District Court in this matter issued its Order dismissing this case in October 2011.  *Cf. Swope v. Siegel-Robert, Inc.*, 243 F.3d 486, 498 (8th Cir. 2001) (noting that "Rule 60(b) permits consideration only of facts which were in existence at the time of trial, not opinions, which can be formulated at any time", and rejecting a request for relief from a judgment where the Internal Revenue Service issued a report after a trial was held); *see also Shoen v. Shoen*, 933 F. Supp. 871 (D. Ariz. 1996) (denying plaintiff's motion for relief from judgment in defamation action where alleged statements made to dismissed foreman by two jurors regarding mistakes made by the jury came after the verdict was delivered).  For these reasons alone, Plaintiff is entitled to no relief under Rule 60(b)(2).

More importantly, the essence of Plaintiff's "newly discovered evidence" argument is that he did not know when he entered the settlement agreement that Judge Davis was going to deny his subsequent motion in the federal criminal case.  Thus, what is really going on is that Plaintiff has now become unhappy with the settlement he reached several months ago, and he would like to undo the settlement's effects.  Whatever regrets Plaintiff may have about his decision to compromise his claims, Rule 60(b) is not a vehicle through which a litigant can have a federal court rewrite his contract when he later becomes dissatisfied with

11

it.  *See Mardanlou v. Gen. Motors Corp.*, 69 Fed. App'x. 950, 952 (10th Cir. July

21, 2003) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir.

1996), for the proposition that "Rule 60(b)(1) relief is not available for a party who

simply misunderstands the legal consequences of his deliberate acts" and

denying a Rule 60(b) motion where the movant took the deliberate action of

executing the settlement agreement and "simply misapprehended the

consequences of that action").

Because, Plaintiff has provided no basis for relief under Rule 60(b)(2), his

motion should be denied.

### 3.    Fraud, Misrepresentation, or Misconduct

Finally, Plaintiff contends that Defendants' counsel was "aware there was a

jurisdictional procedural error in the settlement agreement [such that] Plaintiff

alleges fraud . . . pursuant to 60(b)(3)."  (Doc. No. 66, Pl.'s Mot. ¶ 10.)  "To

prevail upon a Rule 60(b)(3) motion, [Plaintiff] must show, with clear and

convincing evidence, that the opposing party engaged in a fraud or

misrepresentation that prevented the movant from fully and fairly presenting [his]

case."  *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 935 (8th Cir.

2006) (internal quotations marks omitted).  Aside from his bald allegation of

fraud, the record before this Court is bereft of even a hint of misconduct or any

misrepresentation by Defendants' counsel.   Plaintiff provides no explanation of

how some unidentified misrepresentation or other supposed misconduct

prevented him from fully and fairly presenting his case.  And Plaintiff presents no

basis on which this Court could conclude that the settlement agreement's terms

were something other than the product of the parties' deliberate, counseled

choices.  *See United States v. Sybartic, Inc.*, 789 F. Supp. 2d 1160, 1171 (D.

Minn. 2011) (denying a Rule 60(b)(3) motion seeking to dissolve a consent

decree where the movant failed to explain why it chose not to include proposed

language into the consent decree).  Plaintiff is, therefore, not entitled to any relief

under Rule 60(b)(3).

## RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.     Plaintiff's *pro se* Motion for Stay Pending the Disposition of a Motion

62(b)(4) Relief from Judgment Rule 60(a)(b)(1)(2)(3) (Doc. No. 66), be **DENIED**.


Date: April 5, 2012                              *s/ Jeffrey J. Keyes*
                                                 JEFFREY J. KEYES
                                                 United States Magistrate Judge


Under Local Rule 72.2(b) any party may object to this Report and
Recommendation by filing with the Clerk of Court, and serving all parties by
**April 25, 2012,** a writing which specifically identifies those portions of this Report
to which objections are made and the basis of those objections.  Failure to
comply with this procedure may operate as a forfeiture of the objecting party's
right to seek review in the Court of Appeals.  A party may respond to the
objecting party's brief within **fourteen days** after service thereof.  All briefs filed
under this rule shall be limited to 3500 words.  A judge shall make a de novo
determination of those portions of the Report to which objection is made.  This
Report and Recommendation does not constitute an order or judgment of the

District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within **ten days** of receipt of the Report.