UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Peter Allan, Sr.,

    Plaintiff,

v.

Dennis Benson, Scott Sutton,
Sharon Barney, Dan Hilleren,
Joan Fabian, Alan Eckert,
Joel Korby, Mary Lind Schafer,
Sue Creager, and Alan Eckert,
sued in their individual and
official capacities,

    Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 10-176 ADM/JJK

___

Peter Allan, Sr., *pro se*.

Steven H. Alpert, Assistant Minnesota Attorney General, St. Paul, MN, on behalf of Defendants.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Plaintiff Peter Allan, Sr.'s ("Plaintiff") Objections [Docket No. 81] ("Objections") to Magistrate Judge Jeffrey J. Keyes's April 5, 2012 Report and Recommendation [Docket No. 79] ("R&R"). The R&R recommends denying Plaintiff's *pro se* Motion for Stay Pending the Disposition of a Motion 62(b)(4) Relief from Judgment Rule 60(a)(b)(1)(2)(3) [Docket No. 66] ("Plaintiff's Motion"). Based on a de novo review of the record, Plaintiff's Objections are overruled and the R&R is adopted.

## II.  BACKGROUND[1]

This case was dismissed with prejudice on October 19, 2011 pursuant to a Stipulation for Dismissal with Prejudice [Docket No. 62] ("Stipulation") that had been executed by counsel for all parties and filed with the Court.  Order for Dismissal with Prejudice, Oct. 19, 2011 [Docket No. 63] ("Order for Dismissal").  The case was dismissed because a settlement had been reached among Plaintiff, the Defendants in this case, the Minnesota Department of Human Services, and the Minnesota Sex Offender Program ("MSOP") in Moose Lake, Minnesota, where Plaintiff is civilly confined for an indefinite term.  See Stipulation Ex. A (Settlement Agreement).  The Settlement Agreement was "made . . . to completely and finally settle" this action.  Id. § I.

The Settlement Agreement provided the MSOP would "not oppose Plaintiff in litigation he might bring against federal officials for the purpose of obtaining a federal court order permitting him to serve any remaining federal prison time . . . in a federal correction facility."  Id. § III.A.2.1.  It was also agreed Plaintiff would "continue to remain subject to the indeterminate commitment and eventual return to the custody of, MSOP."  Id.

After the Order for Dismissal was entered, Plaintiff filed a motion in his federal criminal case seeking a writ of mandamus to compel federal officials to take him into federal custody.  See United States v. Allan, No. 99-50 (MJD/JGL) (D. Minn. 1999) ("Criminal Case") [Criminal Case Docket No. 104].  The MSOP did not oppose the request.  However, Plaintiff's request was denied because it "renew[ed] a request that the Court ha[d] already deemed frivolous."  Order, Jan. 9, 2012 [Criminal Case Docket No. 107] at 3 (referring to Plaintiff's unsuccessful request

---

[1] The facts and procedural history of this dispute are fully recited in the R&R and are incorporated by reference.  Accordingly, only a brief version is presented here.

the preceding year to transfer from MSOP to federal custody).  As with Plaintiff's initial request, the renewed request was frivolous because his term of federal imprisonment was not scheduled to begin until after he was released from his indefinite term of state civil confinement, and Plaintiff remained subject to his state civil commitment.  Id. at 3.

Following the denial of Plaintiff's renewed request to be transferred to federal custody, Plaintiff filed this *pro se* Motion "to obtain the relief intended in the Settlement [A]greement." Pl.'s Mot. ¶ 6.  Plaintiff argues his "sole purpose for signing the agreement was to be transferred," and that at the time he signed the agreement he had no "evidence" the transfer was "procedurally barred," or he "would never have signed the . . . agreement."  Pl.'s Br. Pursuant to Mot. for Relief from J. [Docket No. 76] ("Pl.'s Br.") ¶ 10.  Plaintiff requests the Court to modify the language in the Settlement Agreement to provide for Plaintiff's release from commitment based on the occurrence of a mistake and newly discovered evidence.  Id. ¶¶ 12-14.  Plaintiff also argues he was tricked into signing the Settlement Agreement and should be relieved of the final judgment and allowed to proceed with this case.  Id. ¶¶ 12, 14.

Judge Keyes construed Plaintiff's Motion as a request to enforce the Settlement Agreement and denied the Motion because the Court no longer retained jurisdiction over the Settlement Agreement.  R&R at 5-7.  Additionally, Judge Keyes recognized Plaintiff had filed the Motion *pro se* and that Plaintiff was relying heavily on Federal Rule of Civil Procedure 60(b).  Based on these circumstances, Judge Keyes also analyzed whether relief was available under Rule 60(b) and concluded it was not.  Id. at 8-13.

### III.  DISCUSSION

A.  **Standard of Review**

A district court must make an independent, de novo review of those portions of an R&R to which a party objects and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).

B.  **Plaintiff's Objections**

   1.  **Plaintiff's Motion Construed as Motion to Enforce Settlement**

Plaintiff objects to Judge Keyes's interpretation of his Motion as one to enforce the Settlement Agreement, because "there is nothing to enforce and never was."  Objections ¶ 2a.[2] Plaintiff argues his request was to have the Settlement Agreement declared void and the case allowed to proceed.  Id. ¶ 5 ("Plaintiff asked the court to relieve him and strike the ambiguous agreement where Plaintiff and his attorney not knowingly essentially agreed to absolutely nothing in the first place."), ¶ 8 ("Because of a fault in the said agreement the entire case shouldn't be dismissed."); Pl.'s Reply to Defs.' Resp. [Docket No. 84] ("Pl.'s Reply") at 4 ("[T]here is nothing to enforce.  Plaintiff asks to let the case proceed fairly.").

This objection fails for two reasons.  First, Judge Keyes properly construed Plaintiff's Motion as one for enforcement of the Settlement Agreement based on Plaintiff's request "to obtain the relief intended in the Settlement [A]greement."  Pl.'s Mot. ¶ 6.  Second, and more importantly, Judge Keyes also thoroughly addressed Plaintiff's request to be relieved of the

---

[2] The Objections include two sets of paragraphs numbered 1, 2, and 3.  For the purposes of this Order, the first set, located on pages 1-2 of the Objections, will be referred to as paragraphs 1a, 2a, and 3a.

Settlement Agreement and dismissal pursuant to Rule 60(b) so that he could proceed with his lawsuit. R&R at 8-13. After a de novo review of the record, the Court agrees with Judge Keyes's well-reasoned analysis and conclusion that Plaintiff is not entitled to enforcement of the Settlement Agreement or to the relief requested under Rule 60(b).

### 2. Challenges to Validity of Settlement Agreement

Plaintiff's Objections further challenge the validity of the Settlement Agreement on grounds of ambiguity, failure to reach a meeting of minds, and deceit.

#### a. Ambiguity

Plaintiff argues the provision in the Settlement Agreement pertaining to his serving federal prison time in a federal facility was the sole reason he entered into the Settlement Agreement, and that this provision is ambiguous. Objections ¶¶ 1-2, 5-6, 8. In an earlier letter to the Court, however, Plaintiff stated his reason for signing the Settlement Agreement "was to force MSOP to allow a follow up with the Neurologist which was done per Court order." Pl.'s Letter to District and Magistrate Judge, Feb. 29, 2012 [Docket No. 69] at 1.

Moreover, the Settlement Agreement is not ambiguous. Under Minnesota law, a contract is ambiguous if the contract language is susceptible to more than one reasonable interpretation. Current Tech. Concepts, Inc. v. Irie Enters., Inc., 530 N.W.2d 539, 543 (Minn. 1995). Plaintiff argues he interpreted the provision at issue to mean that he would be allowed to transfer from MSOP to federal custody. This interpretation is not reasonable. The Settlement Agreement clearly and unambiguously contemplates litigation by Plaintiff to obtain a federal court order permitting him to serve time in a federal facility. See Settlement Agreement § III.A.2.1. (stating the "MSOP will not oppose Plaintiff in litigation he might bring against federal officials for the

purpose of obtaining a federal court order permitting him to serve any remaining federal prison time . . . in a federal correction facility."). Moreover, the Settlement Agreement expressly states that "Plaintiff will continue to remain subject to the indeterminate commitment and eventual return to the custody of, MSOP." Id. Accordingly, the Settlement Agreement is not ambiguous.

    **b.**  **Fraud, Misrepresentation**

Plaintiff also argues the provision about serving time in a federal facility was included by Defendants' counsel solely to deceive Plaintiff and coax him into signing the Settlement Agreement. Objections ¶¶ 2, 4, 7; Pl.'s Reply at 1, 3. Plaintiff further contends Defendants' counsel should have notified Plaintiff and his counsel that Plaintiff could not be transferred. Objections ¶ 3. However, he fails to identify information known by Defendants' counsel that was not also known or obtainable by him. For example, the denial of Plaintiff's first request for a transfer in the criminal case was information that was either known or obtainable by Plaintiff when the Settlement Agreement was negotiated. Additionally, the denial of Plaintiff's renewed request for a transfer was a future event that was not knowable to Defendants' counsel or to Plaintiff. As such, Judge Keyes correctly found that Plaintiff has presented "no basis on which this Court could conclude that the settlement agreement's terms were something other than the product of the parties' deliberate, counseled choices." R&R at 12-13.

    **c.**  **Meeting of Minds**

Plaintiff argues the parties never reached an agreement because Plaintiff's assent to the settlement terms was based on the mistaken understanding he would be transferred to federal custody. Plaintiff contends he would not have agreed to dismiss this case had he known his request for a transfer would be denied, and so a meeting of the minds did not occur. Objections

¶¶ 3a, 2. However, "Minnesota follows the objective theory of contract formation, under which an outward manifestation of assent is determinative, rather than a party's subjective intent." TNT Props., LTD. v. Tri-Star Developers LLC, 677 N.W.2d 94, 102 (Minn. Ct. App. 2004); see also Gethsemane Lutheran Church v. Zacho, 104 N.W.2d 645, 649 (Minn. 1960) ("[C]ourts will not set aside contractual obligations, particularly where they are embodied in written contracts, merely because one of the parties claims to have been ignorant of or misunderstood the provisions of the contract."). Additionally, a party generally cannot avoid a contract due to a unilateral mistake unless there is ambiguity, fraud, or misrepresentation. Healtheast Bethesda Hosp. v. United Commercial Travelers of Am., 596 F.3d 986, 988 (8th Cir. 2010). As explained above and in the R&R, no ambiguity, fraud, or misrepresentation exists here.[3]

### 3. Timing of Entry of Judgment

Plaintiff also argues the Court should "stay the proceedings as not only no agreement (contract) was ever reached, any agreement is void because the Plaintiff respectfully requested these proceedings be stayed two months before an order to dismiss was entered." Pl.'s Reply to Def.'s Resp. at 4-5 (emphasis omitted). However, the Order for Dismissal was entered October 19, 2011. That final judgment was not entered by the clerk until March 27, 2012 [Docket No. 77] does not affect the validity of Settlement Agreement or the Stipulation for Dismissal executed by the parties and approved by the Court in October of 2011.

---

[3] Plaintiff has argued no additional grounds on which he may rescind the Settlement Agreement, and the Court finds none on the record.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections [Docket No. 81] are **OVERRULED;**

2. Judge Keyes's R&R [Docket No. 79] is **ADOPTED**; and

3. Plaintiff's Motion for Stay Pending the Disposition of a Motion 62(b)(4) Relief from Judgment Rule 60(a)(b)(1)(2)(3) [Docket No. 66] is **DENIED**.

BY THE COURT:


　　　s/Ann D. Montgomery　　　
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  June 8, 2012.